**LEAGUE OF WOMEN VOTERS OF MAINE, et al., Plaintiffs, Appellants,**

v.

**G. William DIAMOND, et al., Defendants, Appellees.**

No. 96–1350.

United States Court of Appeals, First Circuit.

Submitted April 24, 1996.

Decided April 30, 1996.

---

Stephen E.F. Langsdorf, Anne Skopp, and Preti, Flaherty, Beliveau & Pachios, Portland, ME, on brief, for appellants.

Andrew Ketterer, Attorney General, and Thomas D. Warren, Assistant Attorney General, Augusta, ME, on brief, for appellees G. William Diamond and Andrew Ketterer.

John H. Rich, III, William J. Sheils, and Perkins, Thompson, Hinckley & Keddy, Portland, ME, on brief, for intervenor-appellee Committee for Governmental Reform.

Samuel W. Lanham, Jr., Cuddy & Lanham, Bangor, ME, and Stephen J. Safranek, Grosse Pt. Pk., MI, on brief, for intervenor-appellee U.S. Term Limits, Inc.

Before SELYA, BOUDIN and STAHL, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion for preliminary injunctive relief. Plaintiffs, who include two incumbent state legislators and four of their supporters, challenge the validity of the Maine Term Limitation Act of 1993. 21–A Me.Rev.Stat.Ann. §§ 551–54. On April 10, 1996, the date their notice of appeal was filed, plaintiffs moved for an expedited briefing schedule and requested that a decision from this court issue by "the end of April"—a circumstance prompted by the need to prepare absentee ballots in time for the June 11 state primary. Comprehensive briefs have been submitted by the parties on an expedited basis. Having considered the matter in full, we now dispense with oral argument, *see* Loc.R. 34.1(a)(2)(iii), and affirm substantially for the reasons recited by the district court in its discussion of plaintiffs' failure to show a likelihood of success on the merits.

We find nothing in plaintiffs' arguments that calls the lower court's reasoning into serious question. In particular, given the rationale of such cases as *Clements v. Fashing,* 457 U.S. 957, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982), and given the uniform holdings of the various state court decisions that have addressed analogous arguments, we agree that plaintiffs have established something less than a probability of success on the merits of their federal claims. We reach the same conclusion with regard to plaintiffs' contention that the decision in *Opinion of the Justices,* 623 A.2d 1258 (Me.1993), will likely be revised in light of *U.S. Term Limits, Inc. v. Thornton,* —— U.S. ——, 115 S.Ct. 1842, 131 L.Ed.2d 881 (1995).

Given this failure to show a likelihood of success on the merits, there is certainly nothing in the plaintiffs' showing as to the equities that would warrant a contrary result. If anything, the arguments based on the equities tend to support the denial of a preliminary injunction, as indicated in the district court's decision. *See also Bates v. Jones,* 904 F.Supp. 1080 (N.D.Cal.1995) (where the court denied a preliminary injunction against state term limits on equitable grounds). Since the law and the equities both favor the defendants, there was certainly no error of law or abuse of discretion in the denial of the preliminary injunction.

*Affirmed.*